[No. 16437. Department One. January 12, 1922.]

G. M. PARSONS, *Respondent,* v. MRS. J. HAMRICK,
*Appellant.*[1]

HIGHWAYS (52, 57)—AUTOMOBILES—NEGLIGENT USE—EVIDENCE—
SUFFICIENCY. In an action for injuries to plaintiff's automobile as
the result of a rear-end collision on a public highway, the findings
of the trial court are sustained by proof that plaintiff's car was
bumped into while all its lights were burning, and while traveling
on a straight road, in view of the circumstance that defendant, if
traveling at the moderate rate of speed testified to, could have seen
plaintiff's car in time to have stopped.

Appeal from a judgment of the superior court for
King county, Frater, J., entered December 20, 1920,
upon findings in favor of the plaintiff, in an action for
damages sustained in an automobile collision, tried to
the court. Affirmed.

*J. Grattan O'Bryan,* for appellant.

*Roberts & Skeel* and *N. A. Pearson,* for respondent.

FULLERTON, J.—The respondent, Parsons, brought
this action against the appellant, Hamrick, to recover
in damages for losses suffered by him, caused, as he
alleges, from the negligent act of the appellant in driv-
ing her automobile into the rear of his own. The
demand of the complaint was for injuries to his auto-
mobile, and for loss of its use while it was being re-
paired. The cause was tried by the court sitting with-
out a jury, and resulted in a judgment in the respond-
ent's favor for the sum of four hundred and fifty
dollars.

As to the manner in which the accident happened,
the evidence of the respective parties is widely diver-
gent. The respondent's testimony is to the effect that

[1]Reported in 203 Pac. 371.

he, with a party of friends, had, on the day of the accident, made a visit to Snoqualmie Falls; that, after he and his guests had taken dinner at that place at about six o'clock in the evening, he started on his return journey to Seattle; and that, while on the Bothell road, a public highway of King county, with all the lights on his automobile burning, and while driving on the right-hand side of the road at a speed not to exceed fifteen miles an hour, the appellant's automobile crashed into the rear of his automobile. The appellant's testimony, which all appears by deposition, while it does not deny that there was a collision, is to the effect that the appellant's automobile was being driven at about the rate of speed the respondent claimed to have been driving; that, when the driver of her automobile and its occupant discovered the respondent's automobile, it was about thirty feet in front of them, standing still, with no lights upon it at all; that another automobile behind them gave at that time a passing signal, and the driver, fearing a collision would result if he endeavored to pass the respondent's automobile on the left, put on the brakes in an endeavor to stop the machine, but, owing to the condition of the pavement, was unable to do so; that he then turned to the right against the bank on the side of the road, and that the collision was the result of the automobile sliding sideways against that of the respondent. All of the witnesses agree that it had been raining prior to the time of the collision and that the pavement was wet and slippery. All agree, also, that another automobile passed at about the time of the collision, going at a rapid rate of speed, some of the witnesses estimating the speed at fifty miles an hour.

There is not much in the surrounding circumstances that tends to throw light upon the dispute. What there

is, however, tends in the respondent's favor. From certain expressions used by the appellant's witnesses in describing the conditions surrounding the accident, it is inferable that the driver of the automobile passing at the time of the collision commenced his attempt to pass the appellant's automobile at some distance back, and only succeeded in doing so when the appellant's driver was compelled to stop by the presence of the respondent's automobile in his track. The witnesses for the respondent also testify that they heard no passing signal, but that there was some shouting by the occupants of the passing automobile as it went by. Another circumstance is that the road was straight for a considerable distance on each side of the place of collision, that the track was level, and that the lights on the appellant's automobile were in good order and all burning. With these conditions existing, it hardly seems probable that, if the appellant's automobile was traveling at the very moderate rate of speed to which they testify, its occupants would have failed to discover the presence of the respondent's automobile in their path at a greater distance therefrom than thirty feet.

Further discussion is unnecessary. We find no preponderance of the evidence against the conclusions of the trial court, and its judgment will stand affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.